# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs October 21, 2015

## DEANNA MAE BAXLEY v. CLINTON SHAWN BAXLEY

**Appeal from the General Sessions Court for Hamblen County**
**No. 4564P1286     Hon. W. Douglas Collins, Judge**

_____

**No. E2015-00243-COA-R3-CV-FILED-DECEMBER 9, 2015**

_____

This is an appeal of the general sessions court's grant of a one-year extension of an order of protection. The respondent, a pro se litigant, appealed the extension to the circuit court. The circuit court initially dismissed the appeal as untimely. Upon further review, the circuit court transferred the appeal to this court for lack of jurisdiction. We hold that the circuit court had jurisdiction to hear the appeal. However, a final order for purposes of appeal was never entered. We remand this case for entry of a final order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., C.J. and D. MICHAEL SWINEY, J., joined.

Clinton Shawn Baxley, Mayo, Florida, pro se.

Deborah Annette Yeomans-Barton, Johnson City, Tennessee, for the appellee, Deanna Mae Baxley.

## OPINION

### I.     BACKGROUND

Deanna Mae Baxley ("Wife") and Clinton Shawn Baxley ("Husband") married in June 2010. Wife had a child from a prior relationship, and one child was born of the relationship prior to the marriage. The parties lived together in Florida with both children (collectively "the Children") until Husband was arrested for domestic violence in June 2012. Husband later received a sentence of five years' incarceration.

Wife moved to Tennessee following Husband's incarceration. On August 26, 2013, she filed a petition for an order of protection against Husband in the Hamblen County General Sessions Court.[1] In support of her petition, she submitted several letters from Husband to his biological daughter and to others. In the letters, he expressed love for his biological daughter and asserted that he intended to move to Tennessee to visit his biological daughter upon his release. The court found cause supporting the petition and issued an ex parte order of protection, prohibiting Husband from contacting Wife or the Children. The ex parte order of protection was extended once through a bridging order, entered on September 26, 2013, with a hearing date set for October 9, 2013.

Having received notice of the hearing, Husband filed a response and a motion to participate in the hearing via telephone. Husband alleged that he was unable to participate in the hearing due to his incarceration in Florida. He denied wrongdoing, alleging that any attempt to prohibit his contact with the Children was unreasonable and vindictive. The court denied Husband's motion and entered a final order of protection on October 9, 2013. This order of protection was set to expire on October 9, 2014.

One year later, Wife later filed a motion to extend the order of protection. The court issued an ex parte order of protection and set a hearing date for November 10, 2014. Having received notice of the hearing, Husband filed a response and a motion to participate in the hearing via telephone. He requested either a denial of Wife's request to extend the order or a modification of the order to allow for his communication with his biological daughter. The court denied Husband's request to participate via telephone and his motion. The court signed a final order of protection on November 10, 2014.

On December 1, 2014, Husband mailed a document, titled "Motion for Status Inquiry," in which he requested information concerning the outcome of the hearing. On December 14, 2014, Husband mailed a notice of appeal with an attached appellate brief, requesting that his appeal be filed with the proper court and alleging that his appeal was timely because he did not receive notice of the entry of the order of protection until December 9, 2014.

Husband's appeal was filed in the Circuit Court for Hamblen County, which dismissed the appeal as untimely, by order, dated December 22, 2014. Thereafter, Husband mailed a document entitled, "Motion for Rehearing –Belated Appeal," in which he requested review of the court's dismissal of his appeal. The circuit court set aside its December 2014 order of dismissal, finding that it did not have jurisdiction to hear the appeal. Citing a 1998 attorney general opinion, the court stated, in pertinent part,

---

[1] Wife alleges that she obtained her first order of protection against Husband on August 22, 2012. This order was not included in the record before this court.

The [c]ourt finds that the Circuit Court for Hamblen County does not have jurisdiction to hear [Husband's] Motion for Rehearing (Belated Appeal). General Sessions Courts in Tennessee exercise concurrent jurisdiction with Circuit Courts pursuant to [Tennessee Code Annotated section 36-3-601]; therefore, any appeal from General Sessions Court concerning matters of an order of protection must be appealed to the Tennessee Court of Appeals.

The court then transferred the matter to this court.

## II.    ISSUES

We consolidate and restate the issues raised on appeal as follows:

A.    Whether the circuit court had jurisdiction to hear Husband's appeal pursuant to Tennessee Code Annotated section 36-3-601(3)(F).

B.    Whether Husband's appeal was timely.

C.    Whether the general sessions court erred in extending the order of protection without Husband's participation via telephone.

## III.    STANDARD OF REVIEW

This appeal presents a question of law. We review questions of law de novo with no presumption of correctness. *Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006). This appeal also involves the interpretation of statutes. Statutory construction is a question of law that is reviewed de novo without any presumption of correctness. *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009). This court's primary objective is to carry out legislative intent without broadening or restricting a statute beyond its intended scope. *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002). In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by so doing. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

# IV. DISCUSSION

## A. & B.

Citing Tennessee Code Annotated section 36-3-601(3)(F), Wife argues that the circuit court had jurisdiction to dismiss Husband's appeal as untimely. The circuit court's reliance upon the 1998 attorney general opinion concerning its lack of jurisdiction to entertain the appeal was misplaced. In 2001, Tennessee Code Annotated section 36-3-601(3) was amended by adding the following subsection:

> Any appeal from a final ruling on an order of protection by a general sessions court or by any official authorized to issue an order of protection under this subdivision (3) shall be to the circuit or chancery court of the county. Such appeal shall be filed within ten (10) days and shall be heard de novo[.]

2001 Tenn. Pub. Acts ch. 96 §§ 1-3 (codified at Tenn. Code Ann. § 36-3-601(3)(F)). Accordingly, respondents are permitted to lodge an appeal with the circuit court within a period of ten days. Tenn. Code Ann. § 36-3-601(3)(F).

The order at issue in this case was completed on November 10, 2014. Husband delivered his notice of appeal to the appropriate individual at the correctional facility on December 14, 2014. *See* Tenn. R. Civ. P. 5.06 (providing that a filing may be considered timely if an incarcerated pro se litigant delivers his or her pleadings to the appropriate individual at the correctional facility within the time fixed for filing). Husband initially argued that his appeal was timely because he did not receive a copy of the order until December 9, 2014. Tennessee Code Annotated section 36-3-609(a) provides, in pertinent part as follows:

> (a) If the respondent has been served with a copy of the petition, notice of hearing, and any ex parte order issued pursuant to § 36-3-605(c), any subsequent order of protection shall be effective when the order is entered. For purposes of this section, an order shall be considered entered when such order is signed by:
>
> (1) The judge and all parties or counsel;
>
> (2) The judge and one party or counsel and contains a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel; or

(3) The judge and contains a certificate of the clerk that a copy has been served on all other parties or counsel.

The record reflects that the order was signed by the judge, but the certificate of service section was never completed. Accordingly, a final order for purposes of appeal was never entered.[2] Tenn. Code Ann. § 36-3-601(3)(F); Tenn. R. Civ. P. 58. Thus, Husband's notice of appeal was premature. We remand this case to the sessions court for entry of a final order. Once entered, Husband may pursue his de novo appeal with the circuit court. *See generally* Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

C.

Having remanded this case to the sessions court for entry of a final order, this issue is pretermitted.

V.     CONCLUSION

The judgment of the sessions court is reversed. The case is remanded for entry of a final order. Neither party is taxed with costs on appeal. Tenn. Code Ann. § 36-3-617(a); *Furlong v. Furlong*, 370 S.W. 3d 329, 340-41 (Tenn. Ct. App. 2011).

<br>

_____
JOHN W. McCLARTY, JUDGE

---

[2] Despite the lack of a final order, the order maintained its effectiveness as applied to Husband because the order at issue provides that it is *effective* immediately upon signing. *See* Tenn. Code Ann. § 36-3-609(c) ("Notwithstanding when an order is considered entered under subsection (a), if the court finds that the protection of the petitioner so requires, the court may order, in the manner provided by law or rule, that the order of protection take effect immediately.").